UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

ANTONIO REEVES,          )
                         )
        Petitioner,      )
                         )
    v.                   )   No. 1:06CV00163(ERW)
                         )
UNITED STATES OF AMERICA,)
                         )
        Respondent.      )

**MEMORANDUM AND ORDER**

This matter is before the Court upon Antonio Reeves's petition for a writ of error coram nobis challenging the validity of a 1997 state court conviction for second-degree attempted arson [Doc. #1]. Also before the Court is petitioner's "Motion to Amend Name of Respondent" from United States of America to State of Missouri [Doc. #3].

**The petition**

Petitioner pleaded guilty to distributing 5 or more grams of crack cocaine in violation of 21 U.S.C. § 841. United States v. Reeves, No. 1:03CR44(ERW) (E.D. Mo.), appeal dismissed, United States v. Reeves, 410 F.3d 1031, 1032-33 (8th Cir. 2005). In a written plea agreement, petitioner admitted that he had two prior felony convictions: (1) a 1997 state conviction for attempted arson; and (2) a 1997 state conviction for sale of a controlled substance. United States v. Reeves, 410 F.3d at 1033. Because of these prior felony convictions, petitioner was sentenced as a career offender under U.S.S.G. § 4B1.1 to 188 months imprisonment. Id. at 1033-34. In the instant petition, petitioner asserts that the 1997 state conviction for attempted arson should be invalidated because his guilty plea to that charge was involuntary.

1

**Discussion**

The writ of error coram nobis is a "common-law writ issuing out of a court of record to review and correct a judgment of its own relating to some error in fact as opposed to error in law, not appearing on the face of the record, unknown at the time without fault to the court and to the parties seeking relief, but for which the judgment would not have been entered." New England Furniture & Carpet Co. v. Willcuts, 55 F.2d 983, 987 (D. Minn. 1931). The writ is not available in the instant case because petitioner does not seek to have this Court vacate its own judgment, but seeks to have this Court vacate a 1997 judgment of conviction issued by the state court. Consequently, petitioner's petition for a writ of error coram nobis will be denied.

Although petitioner is not entitled to coram nobis relief, the Court has an obligation to liberally construe petitioner's pro se motion, Haines v. Kerner, 404 U.S. 519, 520 (1972), to determine whether relief may be available by some other means. The usual way for a state prisoner to attack a state conviction and sentence in federal court is through an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

In the instant case, however, petitioner would not be entitled to habeas corpus relief under 28 U.S.C. § 2254. The Court's records indicate that petitioner was discharged from parole on the attempted arson convcition on November 30, 2002. United States v. Reeves, No. 1:03CR44(ERW) (presentence investigation report). Therefore, petitioner is not in custody under 28 U.S.C. § 2254 for purposes of attacking that conviction. See Maleng v. Cook 490 U.S. 488, 492-93 (1989) (habeas petitioner is not in custody under a conviction after the sentence imposed for it has fully expired); Love v. Tippy, 128 F.3d 1258-59 (8th Cir. 1997).

Petitioner, however, is in custody for purposes of attacking his current enhanced

2

federal sentence pursuant to 28 U.S.C. § 2255. Daniels v. United States, 532 U.S. 374, 384 n.2 (2001) (stating that text of § 2255, which also contains an "in custody" requirement, is broad enough to cover a claim that a current sentence enhanced by an alleged unconstitutional prior conviction). Even if the instant action were construed as asserting a claim for relief under § 2255,[1] however, petitioner would still not be entitled to relief because the collateral attack on his 1997 attempted arson conviction does not involve the failure to appoint counsel. Daniels, 532 U.S. at 376 (defendant may not challenge his federal sentence via a § 2255 motion on the grounds that his prior convictions were unconstitutionally obtained unless attack on prior convictions is based on failure to provide counsel); Love, 128 F.3d at 1259; Charlton v. Morris, 53 F.3d 929, 929 (8th Cir. 1995).

Finally, the Court notes that petitioner neither paid the filing fee nor sought leave to commence this action in forma pauperis pursuant to 28 U.S.C. § 1915. Therefore, the instant action should be dismissed without prejudice.

---

[1] Prior to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996), this Court could have reclassified the instant action as arising under 28 U.S.C. § 2255. However, after enactment of the AEDPA, the Court's *sua sponte* reclassification of the instant action under § 2255 could deprive petitioner of the opportunity for effective collateral review in the future, because there are restrictions on the filing of second or successive § 2255 motion. Thus, if the Court reclassifies the instant action under § 2255, petitioner's subsequent filing of a § 2255 motion could be dismissed as second or successive. See Castro v. United States, 124 S. Ct. 786 (2003). Because reclassification of the instant action would not assist petitioner, the Court will not reclassify the instant action as one arising under § 2255.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** petitioner's "Motion to Amend Name of Respondent" [Doc. #3] is **GRANTED.**

**IT IS FURTHER ORDERED** that petitioner's petition for a writ of error coram nobis [Doc. #1] is **DENIED**, without prejudice.

An appropriate order shall accompany this memorandum and order.

So Ordered this 28th Day of March, 2007.

_E. Richard Webber_ (signature)
_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**